IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN ALLEN,
#R72384,

    Plaintiff,

vs.                                            Case No. 18-CV-504-DRH

JOHN BALDWIN,
KAREN JAIMET, and
C/O GILLEY

    Defendants.

# MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff John Allen, an inmate currently housed at Pinckneyville Correctional Center ("Pinckneyville"), filed this action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Correctional Officer Gilley subjected him to sexual harassment, in violation of his Eighth Amendment rights.

This case is now before the Court for a preliminary review of the Complaint (Doc. 11) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

1

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

On June 25, 2017, Plaintiff was exiting his wing to attend yard. (Doc. 11, p. 5). When Plaintiff entered the "core," Correctional Officer Gilley stopped him and asked, "What the fuck are you looking at?" Correctional Officer Gilley then said, "either want to fuck me or fight me, which is it?" *Id.* Plaintiff was denied access to the yard and Correctional Officer Gilley escorted Plaintiff back to his cell. *Id.* Correctional Officer Gilley then said, "We're either gonna fuck or you gonna buy me a new truck." *Id.* Plaintiff claims that Officer Gilley has sexually harassed him on multiple occasions and that his encounters with Officer Gilley are causing mental health issues. *Id.* Plaintiff claims that he has filed multiple complaints and grievances pertaining to Officer Gilley's conduct, to no avail.

**Merits Review Under § 1915(A)**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

**Count 1 –** Eighth Amendment claim against C/O Gilley for sexually harassing Plaintiff on June 25, 2017, and at other times.

Plaintiff alleges that Officer Gilley has repeatedly subjected him to sexual harassment. Specifically, on June 25, 2017, Officer Gilley made threatening comments about engaging in sexual acts with Plaintiff. Plaintiff claims that he is experiencing mental health issues as a result of the alleged sexual harassment.

The Eighth Amendment prohibits the unnecessary and wanton infliction of pain. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). The gratuitous infliction of suffering violates contemporary standards of decency and an inmate need not show a serious physical injury to state a claim. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Allegations of verbal harassment typically do not rise to the level of an Eighth Amendment violation. *See Dobbey v. Ill. Dep't of Corrections*, 574 F.3d 443, 446 (7th Cir. 2009). *See also DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). However, there are certain situations in which verbal harassment may support a claim of deliberate indifference under the

Eighth Amendment. *See* e.g., *Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015). Further, allegations of sexual misconduct, particularly where the sexual misconduct is designed to humiliate and demean, may state a claim for relief under the Eighth Amendment. *Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003); *see also Beal v. Foster*, 803 F.3d 356, 358 (7th Cir. 2015) (verbal harassment, coupled with other instances of sexual harassment stated an Eighth Amendment claim).

For screening purposes, the allegations in the Complaint support such a claim as to Officer Gilley. Plaintiff describes verbal harassment that was sexual in nature and was designed to humiliate and demean. Plaintiff also claims he is experiencing psychological trauma as a result of the alleged harassment. At this early stage, this is sufficient to allow the claim to proceed as to Officer Gilley.

The Complaint, however, fails to state a claim as to Baldwin, IDOC's Director, or Jaimet, Pinckneyville's Warden. In order to be held individually liable for a civil rights violation, "a defendant must be 'personally responsible for the deprivation of a constitutional right.' " *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). There is no indication that Baldwin or Jaimet were personally involved in the underlying constitutional violation. Additionally, the fact that Baldwin and Jaimet held positions of authority over the official who allegedly violated Plaintiff's rights cannot be the basis for liability in a civil rights action, where the doctrine of respondeat superior (supervisory liability) does not apply.

4

*Sanville*, 266 F.3d at 740.

Plaintiff suggests that Jaimet "turned a blind eye" to his grievances about harassment. However, the Complaint includes no detail regarding this claim and the attached exhibits suggest that Plaintiff's grievances were denied as unsubstantiated. Generally, the denial of a grievance – standing alone – is not enough to violate the United States Constitution. *See, e.g., Owens v. Evans*, No. 16-1645, 2017 WL 6728884, at *3 (7th Cir. Dec. 13, 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."); *George v. Abdullah*, 507 F.3d 605, 609 (7th Cir. 2007) ("Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Nonetheless, an official may be subject to liability if he or she "knows about unconstitutional conduct and facilitates, approves, condones, or 'turn[s] a blind eye' to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (citing *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996).

Here, the claims pertaining to Jaimet suggest nothing more than the denial of a grievance by an individual who was not involved in the underlying constitutional violation. There is no indication that Jaimet is subject to liability under the standard articulated in *Perez* or related authority.

As such, Plaintiff's claims pertaining to Jaimet and Baldwin fall short of

stating a constitutional claim and shall be dismissed without prejudice.

## Pending Motions

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED**. The Court will order service as a matter of course upon all defendants who remain in this action pursuant to this screening order because Plaintiff is a prisoner who has also requested permission to proceed in this action as a poor person.

Plaintiff's Motion for Recruitment of Counsel/Motion for Appointment of Counsel (Doc. 3 and Doc. 7) shall be referred to a United States Magistrate Judge for a decision.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint, which includes **COUNT 1,** shall proceed against **GILLEY.** The Complaint is dismissed without prejudice as to **BALDWIN** and **JAIMET** for failure to state a claim upon which relief may be granted. The Clerk of the Court is **DIRECTED** to terminate these individuals as parties in CM/ECF.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **GILLEY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6)

to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including Plaintiff's Motion for Recruitment of Counsel/Motion to Appoint Counsel. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall

be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

*/s/ David R. Herndon*

Judge Herndon
2018.04.03
14:43:02 -05'00'

**United States District Judge**